UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

DOUGLAS WAYNE PERRY, a California
Resident d/b/a Click 1003,

                Plaintiff,        CIV. S-04-0868 DFL PAN PS

      v.

PAUL and SUZIE ZUPAN, California    FINDINGS AND RECOMMENDATIONS
Residents, Latitude Financial,
Inc., a California Corporation
d/b/a www.latfin.com, and DOES 1-
100, inclusive,

                Defendants.

—————

    Plaintiff is Douglas Wayne Perry, a California resident.

    Defendants are Latitude Financial, Inc., a California corporation, and Paul and Suzie Zupan.

    Plaintiff alleges defendants violated his registered copyright in "Click 1003," a script written in hypertext markup language (HTML) that functions as a unique program that compiles

1 data furnished by borrowers allowing them to complete loan
2 applications by internet and interacts with brokers' and lenders'
3 programs facilitating a loan transaction.  Plaintiff alleges
4 defendants copied Click 1003 and published it on their web site,
5 making only minor changes in the process.
6      On April 7, 2005, Paul and Suzie Zupan moved for summary
7 judgment denying they copied plaintiff's work and denying that
8 their "Online 1003" software is "substantially similar" to
9 plaintiff's program.
10      A party may move, without or without supporting
11 affidavits, for summary judgment and the judgment sought shall be
12 rendered forthwith if the pleadings, depositions, answers to
13 interrogatories, and admissions on file, together with the
14 affidavits, show that there is no genuine issue as to any
15 material fact and that the moving party is entitled to a judgment
16 as a matter of law.  Fed. R. Civ. P. 56(a)-(c).
17      An issue is "genuine" if the evidence is such that a
18 reasonable jury could return a verdict for the opposing party.
19 Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986).  A fact is
20 "material" if it affects the right to recover under applicable
21 substantive law.  Id.  The moving party must submit evidence that
22 establishes the existence of an element essential to that party's
23 case and on which that party will bear the burden of proof at
24 trial.  Celotex Corporation v. Catrett, 477 U.S. 317, 322 (1986).
25 The moving party "always bears the initial responsibility of
26 informing the district court of the basis for its motion and

2

identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any'" that the moving party believes demonstrate the absence of a genuine issue of material fact. Id., at 323.  If the movant does not bear the burden of proof on an issue, the movant need only point to the absence of evidence to support the opponent's burden.  To avoid summary judgment on an issue upon which the opponent bears the burden of proof, the opponent must "go beyond the pleadings and by her own affidavits, or by the "'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'"  Id., at 324.  The opponent's affirmative evidence must be sufficiently probative that a jury reasonably could decide the issue in favor of the opponent. Matsushita Electric Industrial Co., Inc. v. Zenith Radio Corporation, 475 U.S. 574, 588 (1986).

  Fed. R. Civ. P. 56(e) provides that "supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein."  Nevertheless, the Supreme Court has held that the opponent need not produce evidence in a form that would be admissible at trial in order to avoid summary judgment. Celotex, 477 U.S. at 324.  Rather, the questions are (1) whether the evidence could be submitted in admissible form and (2) "if reduced to admissible evidence" would it be

1  sufficient to carry the party's burden at trial.  Id., at 327;
2  Fraser v. Goodale, 342 F.3d 1032 (9th Cir. 2003).

3    A verified complaint based on personal knowledge setting
4  forth specific facts admissible in evidence is treated as an
5  affidavit.  Schroeder v. McDonald, 55 F.3d 454 (9th Cir. 1995);
6  McElyea v. Babbitt, 833 F.2d 196 (9th Cir. 1987).  A verified
7  motion based on personal knowledge in opposition to a summary
8  judgment motion setting forth facts that would be admissible in
9  evidence also functions as an affidavit.  Johnson v. Meltzer, 134
10 F.,3d 1393 (9th Cir. 1998); Jones v. Blanas, 393 F.3d 918 (9th
11 Cir. 2004).  Defects in opposing affidavits may be waived if no
12 motion to strike or other objection is made.  Scharf v. United
13 States Attorney General, 597 F.2d 1240 (9th Cir. 1979).

14   Only the following facts are undisputed:  Plaintiff
15 Douglas Wayne Perry maintains an internet site at
16 www.click1003.com; defendants Paul and Suzie Zupan are
17 individuals; defendant Latitude Financial, Inc., is a licensed
18 mortgage broker and maintains an internet site at www.latfin.com.
19 See parties' respective Statement(s) of Undisputed Facts.

20   Suzie Zupan presented no denial and no other evidence
21 and, accordingly, her motion should be denied.

22   Latitude has not moved for summary judgment.

23   In support of his motion, Paul Zupan submitted a
24 declaration admitting that he created a page on defendant
25 Latitude's web site known as Online 1003 to gather information
26 from prospective borrowers to complete the Fannie Mae 1003 form

1  used by Latitude.  He avers he has compared the two scripts and
2  that only one page bears any similarity.  Conspicuously, he does
3  not in his declaration deny copying that part.

4       Plaintiff opposes.  He presents no direct evidence of
5  copying but avers in his declaration that the Latitude online
6  application contains 200 unique field names created by plaintiff
7  that are not part of the Fannie Mae application, that Online 1003
8  contains unnamed fields that are useless to Latitude, and
9  contains plaintiff's typographical errors, which is substantial
10 circumstantial evidence of verbatim copying.

11      In reply, defendants meet plaintiff's evidence with Paul
12 Zupan's declaration that to develop Latitude's internet site he
13 used HTML script from "similar forms I found on the internet."
14 (Both assert in their opposing brief they did not copy
15 plaintiff's work but the statement is unsworn.)  Most of
16 defendants' arguments are off target.  Defendants contend
17 plaintiff cannot claim copyright protection for field names,
18 programming language and the like but that is not plaintiff's
19 claim.

20      Defendants, who represent themselves, appear to rest
21 their defense in one way or another upon <u>Landsberg v. Scrabble</u>
22 <u>Crossword Game Players, Inc.</u>, 736 F.2d 485 (9th Cir. 1984), cert.
23 denied, 469 U.S. 1037 (1984).  That decision first holds that to
24 make out a case of copyright infringement plaintiff must
25 establish that he owns the copyright in the work in question,
26 that defendant had access to it and that there is "substantial

similarity" of the ideas and their expression.  Second, recognizing that copyright protects only an author's expression of an idea and not the idea itself, <u>Landsberg</u> draws a distinction between fictional works on the one hand and factual works on the other, which permit only a narrow range of expression such that substantial similarity must amount to verbatim reproduction or very close paraphrasing.  In passing, the court noted the doctrine of "*scenes à faire*."

Literally, "*scenes à faire*" in French means "scenes to be made."  It is a principle of copyright law that elements of a creative work are not protected when they are required by or customary to the genre of the work.  For example, a spy novel is expected to contain elements such as numbered Swiss bank accounts, a femme fatale, and various spy gadgets hidden in wristwatches, belts shoes and other personal effects.  These elements are not protected by copyright, though specific sequences and compositions of them can be.  See <u>Ets-Hokin v. Skyy Spirits, Inc.</u>, 323 F.3d 763 (9th Cir. 2003)("*scenes à faire*" upheld as an affirmative defense, upon which defendant, not plaintiff, bears the burden of proof).

In other words, defendants claim that despite plaintiff's registered copyright, the content of his program is not protected without proof of "slavish copying."  But that is exactly what plaintiff does claim and he has supported the claim with evidence that defendant simply ignores (if he does not in fact admit), e.g., copying of his program including his typographical errors.

Accordingly, I recommend that Paul Zupan's motion also be denied.

Based on the parties' contentions, the court believes defendants' defense to plaintiff's claims may better lie upon the decision in Baker v. Selden, 101 U.S. 99 (1879). Should the district judge adopt these findings and recommendations, defendants may file a second motion for summary judgment within thirty days of that order.

These findings and recommendations are submitted to the Honorable David F. Levi, the United States District Judge assigned to this case. 28 U.S.C. § 636(b)(l). Written objections may be filed within ten days after being served with these findings and recommendations. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: November 10, 2005.

    /s/ Peter A. Nowinski
PETER A. NOWINSKI
Magistrate Judge