IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DOUGLAS WAYNE PERRY,

      Plaintiff,                    No. CIV S-04-868 DFL EFB

  vs.

PAUL ZUPAN, et al.,

                                    FINDINGS & RECOMMENDATIONS

      Defendants.

_____/

Defendants move for summary judgment on plaintiff's complaint, which alleges copyright infringement of his online mortgage application program. This is defendants' second motion for summary judgment. On March 17, 2006, the court denied defendants' first motion on the grounds presented therein but, as set forth in the court's November 10, 2005 findings and recommendations, expressly invited a second motion based upon *Baker v. Selden*, 101 U.S. 99 (1879). Defendants filed this motion on April 14, 2006. Plaintiff filed an opposition on August 10, 2006, and defendants filed a reply as well as objections to the evidence submitted in support of plaintiff's opposition. The matter was then taken under submission.[1] Having reviewed the

---

[1] At a hearing before Magistrate Judge Gregory G. Hollows on July 27, 2006, plaintiff was granted additional time to file an opposition in response to defendants' second motion for summary judgment. Magistrate Judge Hollows granted defendants one week to file a reply, and

submitted papers, the court issues the following findings and recommendations.[2]

## I. BACKGROUND

Plaintiff filed this action on April 30, 2004, alleging copyright infringement of his online mortgage application program in violation of the Copyright Act of 1976, 17 U.S.C. §§ 101 *et seq.* Plaintiff registered the program, known as "Click 1003," with the U.S. Copyright Office on April 23, 2001. Attached to the complaint is a copy of the copyright registration for "Click 1003," which claims protection of the "entire program WDE" ("web document engineering"). Plaintiff does not explain this term, but it appears that he claims a copyright in a "substantial amount" of the HTML[3] script that comprises the "Click 1003" program. *See* Compl., at ¶¶ 6-7. Plaintiff alleges that "this script is a computer program that assists mortgage applicants in completing mortgage applications at home through a standard internet browser." Compl., at ¶ 6.

The complaint alleges that on March 25, 2004, defendants Paul and Suzie Zupan, "doing business as" Latitude Financial, Inc., downloaded the "Click 1003" program and presented it on their own website "in the form of an 1003 Online Residential Loan Application" ("Online 1003"), changing [only] the graphic colors from those used in the plaintiff's software and deleting fields in so doing." Compl., at ¶ 10. Both online applications mirror the industry standard for mortgage applications, i.e., the "Uniform Residential Loan Application," also known as Fannie Mae 1003 form, available at http://www.efanniemae.com/sf/formsdocs/forms/1003.jsp. In their first motion for summary judgment, defendants asserted that copyright infringement could not be proven because "no

---

upon such filing deemed the matter submitted on the papers.

[2] The case was reassigned to the undersigned on August 29, 2006.

[3] "The HTML source code is the coding that is used for construction of a website's pages. All visible text that a user sees when viewing a web page is contained in the HTML source code. The HTML coding language also allows non-visible information about a web page to be recorded in the source code." *Playboy Enters. v. Terri Welles, Inc.*, 78 F. Supp. 2d 1066, 1091 (S.D. Cal. 1999), *rev'd in part*, 279 F.3d 796 (9th Cir. 2002).

substantial similarity exists" between the "Click 1003" and "Online 1003" programs. To establish copyright infringement, a plaintiff must prove that he owns a valid copyright in the allegedly infringed work, and that defendant copied protected elements of that work. *Brown Bag Software v. Symantec Corp.*, 960 F. 2d 1465, 1472 (9th Cir. 1992). "Absent direct evidence of copying, proof of infringement involves fact-based showings that the defendant had 'access' to the plaintiff's work and that the two works are 'substantially similar.'" *Three Boys Music Corp. v. Bolton*, 212 F.3d 477, 481 (9th Cir. 2000).

For purposes of their initial motion, defendants relied on *Landsberg v. Scrabble Crossword Game Players, Inc.*, 736 F.2d 485 (9th Cir. 1984), and similar cases, which recognize that factual works – which are limited to a narrow range of expression – have very "thin" copyrights. Because the ideas contained in such factual works can only be expressed in a limited number of ways, subsequent factual works are likely to appear very similar. *Id.* at 488. Thus, to prove infringement of such works, the similarity of expression (the "substantial similarity" prong of infringement) must amount to "verbatim reproduction or very close paraphrasing." *Id.* at 488. Defendants argued that the online programs were factual works, and while there was some similarity between them, there was no actionable, verbatim reproduction.

The court denied summary judgment because plaintiff had submitted evidence of copying based on the alleged presence, in a portion of defendants' program, of plaintiff's typographical errors in the source code and other features unique to plaintiff's program.[4]

---

[4] In his affidavit and supporting exhibits in opposition to defendants' first motion, plaintiff asserted that he had electronically captured and recorded defendants' copying of his program and compares the source codes of "Click 1003" with those of "Online 1003." Plaintiff asserts that this evidence shows that "Online 1003" shares (a) over 200 field names created for "Click 1003" including "field names with no codes [that] have no purpose or functionality;" (Affidavit of Doug Perry in Support of Opposition to [First] Motion for Summary Judgment ("First Perry Aff."), at ¶¶ 6-8; Exhibit A thereto); (b) "field names [that] have no fields [and therefore] . . . no usable function for Latitude Financial" (*Id.*, at ¶ 9; Exhibit A thereto); (c) unusual function names created by plaintiff and his business associates (*Id.*, at ¶¶ 10-11; Exhibit A thereto); and, perhaps most significantly, (d) inclusion of Click 1003's typographical errors in the source code (*Id.*, at ¶ 13; Exhibit A thereto).

Nonetheless, in the court's findings and recommendations filed November 10, 2005, the magistrate judge invited defendants to file a second motion for summary judgment, stating (at 7:3-5): "Based on the parties' contentions, the court believes defendants' defense to plaintiff's claims may better lie upon the decision in *Baker v. Selden*, 101 U.S. 99 (1879)."

Defendants responded to the invitation and filed a second motion for summary judgment, the resolution of which was referred by the district judge to this court.

II. <u>MOTION FOR SUMMARY JUDGMENT</u>

In the instant motion for summary judgment, defendants argue that plaintiff's online program is nothing more than a blank form, and as such is not entitled to copyright protection. Plaintiff maintains that the work infringed is not the blank online form, but rather the underlying computer program, or code, that comprises the online form. Plaintiff continues to allege that defendants directly copied portions of that code for use in constructing defendants' own online mortgage application.

The magistrate judge previously assigned to this case correctly cited *Baker v. Selden* for the proposition that blank forms are generally uncopyrightable.[5] If the loan application forms appearing on the parties' respective websites were reduced merely to paper format, the court would have to conclude that plaintiff's blank form is not entitled to copyright protection

---

[5] In *Baker v. Selden,* 101 U.S. 99 (1879), the plaintiff copyrighted a treatise setting forth a particular system of bookkeeping that included unique forms for recording information. Plaintiff alleged infringement by defendant's substantially similar forms. The Court held that "blank account-books are not the subject of copyright; and that the mere copyright of Selden's book did not confer upon him the exclusive right to make and use account-books, ruled and arranged as designated by him and described and illustrated in said book." *Id.* at 107. The blank forms rule, first articulated in *Baker v. Selden,* is codified at 37 C.F.R. § 202.1(c), which provides that "[b]lank forms, such as time cards, graph paper, account books, diaries, bank checks, scorecards, address books, report forms, order forms and the like, which are designed for recording information and do not in themselves convey information" are not subject to copyright protection. However, when the forms convey information in a creative manner, e.g., when blank forms are accompanied by instructions that result in a unique and integrated work, the product is entitled to some copyright protection, although such protection is limited to the original elements of the work. *Bibbero Systems, Inc. v. Colwell Systems, Inc*., 893 F.2d 1104, 1108 (9th Cir. 1990).

1  (although some minimal protection could possibly be claimed in the original selection,
2  arrangement and coordination of the form itself).[6]  A finding that the form is uncopyrightable
3  would warrant dismissal of the action since plaintiff would therefore be unable to prove the first
4  prong of a prima facie case of infringement (i.e., a valid copyright in the online program).

5  However, the infringement analysis here is not simple.  Plaintiff claims to own a
6  copyright not in the form itself, but rather in the online form's underlying source code.  Neither
7  plaintiff nor defendants have presented sufficient evidence to resolve this issue on summary
8  judgment and several material facts remain in dispute.  Accordingly, the court recommends that
9  defendants' second motion for summary judgment be denied.

A. Standard

Summary judgment pursuant to Fed. R. Civ. P. 56(a) avoids unnecessary trials in cases with no disputed material facts.  *See Northwest Motorcycle Ass'n v. United States Dep't of Agric.*, 18 F.3d 1468, 1471 (9th Cir. 1994).  At issue is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986).  Two steps are necessary.  First, according to the substantive law, the court must determine what facts are material.  Second, in light of the appropriate standard of proof, the court must determine whether material factual disputes require resolution at trial.  *Id.* at 248.

When the opposing party has the burden of proof on a dispositive issue at trial, the moving party need not produce evidence which negates the opponent's claim.  *See, e.g., Lujan v. National Wildlife Fed'n*, 497 U.S. 871, 885 (1990).  The moving party need only point to matters which demonstrate the absence of a genuine material factual issue.  *See Celotex v. Cattret*, 477 U.S. 317, 323-24 (1986).

---

[6] "A 'compilation' is a work formed by the collection and assembling of preexisting materials or data that are selected, coordinated or arranged in such a way that the work as a whole constitutes an original work of authorship, and may consist entirely of uncopyrightable elements." *Bibbero Systems, Inc.*, 893 F.2d at 1108 (citing 17 U.S.C. § 101).

5

If the moving party meets its burden, the burden shifts to the opposing party to establish a genuine dispute over a material factual issue. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).[7] The opposing party must demonstrate that disputed facts are material, i.e., facts that might affect the outcome of the suit under the governing law, *T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987), and that disputes are genuine, i.e., the parties' differing versions of the truth require resolution at trial. *Id.* at 631. To establish a genuine dispute, the plaintiff must present competent evidence that could justify judgment at trial in his favor over the issue. There is no "genuine issue as to material fact," if the non-moving party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Grimes v. City and Country of San Francisco*, 951 F.2d 236, 239 (9th Cir. 1991) (quoting *Celotex*, 477 U.S. at 322). There can be no genuine issue as to any material fact where there is a complete failure of proof as to an essential element of the nonmoving party's case because all other facts are thereby rendered immaterial. *Celotex,* 477 U.S. at 323. Thus, the opposing party may not rest upon the pleadings' mere allegations or denials, but must present *evidence* of specific disputed facts. *See Anderson*, 477 U.S. at 248.[8] Conclusory statements cannot defeat a properly supported summary judgment motion. *See Scott v. Rosenberg*, 702 F.2d 1263, 1271-72 (9th Cir. 1983).

The court does not determine witness credibility. It believes the opposing party's evidence, and draws inferences most favorably for the opposing party. *See Anderson*, 477 U.S. at

---

[7] The nonmoving party with the burden of proof "must establish each element of his claim with significant probative evidence tending to support the complaint." *Barnett v. Centoni*, 31 F.3d 813, 815 (9th Cir. 1994) (internal quotations omitted). A complete failure of proof on an essential element of the nonmoving party's case renders all other facts immaterial, and entitles the moving party to summary judgment. *Celotex*, 477 U.S. at 322.

[8] A verified complaint may be used as an affidavit in opposition to the motion. *Schroeder v McDonald*, 55 F.3d 454, 460 (9th Cir. 1995); *McElyea v. Babbitt*, 833 F.2d 196, 197-98 (9th Cir. 1987) (*per curiam*).

249, 255. Inferences, however, are not drawn out of "thin air," and the proponent must adduce evidence of a factual predicate from which to draw inferences. *American Int'l Group, Inc. v. American Int'l Bank*, 926 F.2d 829, 836 (9th Cir. 1991) (Kozinski, J., dissenting) (citing *Celotex*, 477 U.S. at 322).

If reasonable minds could differ on material facts at issue, summary judgment is inappropriate. *See Warren v. City of Carlsbad*, 58 F.3d 439, 441 (9th Cir. 1995). On the other hand, "[w]here the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" *Matsushita*, 475 U.S. at 587 (citation omitted). In that case, the court must grant summary judgment.

B. <u>Analysis</u>

In the present case, plaintiff has the burden to prove infringement at trial. He must prove that he owns a valid copyright in the allegedly infringed work, and that defendant copied protected elements of that work. *Brown Bag Software*, 960 F. 2d at 1472. "Absent direct evidence of copying, proof of infringement involves fact-based showings that the defendant had 'access' to the plaintiff's work and that the two works are 'substantially similar.'" *Three Boys Music Corp.*, 212 F.3d at 481.

Even where there is evidence of direct copying (as plaintiff asserts here), the court must still determine the issue of whether the copying is actionable. *See* 4 M. Nimmer & D. Nimmer, *Nimmer on Copyright* ("*Nimmer*") § 13.03[C] (2006). "Not all copying . . . is copyright infringement." *Id.* (quoting *Feist Publications, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991)). The typographical errors that plaintiff asserts were copied into defendants' program are not necessarily protected elements of plaintiff's program. *Id.* (citing *Feist*, 499 U.S. at 344) (finding defendant's conduct non-infringing as a matter of law despite evidence that defendant copied numerous unoriginal listings from plaintiff's telephone directory including four fictitious listings). Because only the *original* elements of a plaintiff's work are protected by copyright, the court must first identify, by a process of "filtration," those elements of the work that are

7

protectible expression.  *See Nimmer* § 13.03[F], at 13-124 (citing 17 U.S.C. § 102); *North Coast Indus. v. Jason Maxwell, Inc.*, 972 F.2d 1031, 1033 (9th Cir. 1992) ("Originality is the indispensable prerequisite for copyrightability."); *Apple Computer, Inc. v. Microsoft Corp.*, 35 F.3d 1435, 1446 (9th Cir. 1994) ("the unprotectible elements have to be identified, or filtered, before the works can be considered as a whole").  Once the protectible, original expression is identified, the court analyzes substantial similarity only with regard to those elements.  *Nimmer* § 13.03[F], at 13-125 (citing *Narell v. Freeman*, 872 F.2d 907, 910 (9th Cir. 1989)); *see also Cavalier v. Random House, Inc.*, 297 F.3d 815, 822, 826 (9th Cir. 2002) ("a court must filter out and disregard the non-protectable [*sic*] elements in making its substantial similarity determination").

In the present motion, defendants challenge the copyrightability of plaintiff's work, and thus the validity of his copyright in "Click 1003."[9]  Plaintiff attached to the complaint a copy of the copyright registration certificate for the "Click 1003" program.  *See* Compl., Ex. A.  Accordingly, the copyright is presumptively valid.  *North Coast Indus.*, 972 F.2d at 1033 ("[T]he registration of the copyright certificate itself establishes a prima facie presumption of the validity of the copyright. . . .") (citing 17 U.S.C. § 410(c)).  However, that presumption may be rebutted by a showing on the part of the defendant that the plaintiff's work is not original.  *Id.*

The originality of the plaintiff's work is always material in a copyright infringement action.  *Feist*, 499 U.S. at 345 ("The *sine qua non* of copyright is originality.").  Here, defendants dispute the originality (i.e., the copyrightability) of plaintiff's work under the principles articulated in *Baker v. Selden* and codified at 37 C.F.R. § 202.1(c).  Defendants describe the HTML script of plaintiff's online mortgage application as "a blank form that a user fills out, just

---

[9] Defendants also dispute plaintiff's allegations that they copied his program, and assert that the two programs are not substantially similar.  *See* Declaration of Paul Zupan in Support of Defendants' Second Motion for Summary Judgment ("P. Zupan Decl."), at ¶¶ 11, 23.  Because defendants were directed to address this motion to the principles cited in *Baker v. Selden* (i.e., the copyrightability of plaintiff's "form"), the court makes its finding and recommendations on those principles alone.

8

1 like writing on a sheet of paper." *See* Defendants' Memorandum of Points and Authorities in
2 Support of Second Motion for Summary Judgment ("Defs.' Motion"), at 9:21-22.  More
3 precisely, defendants describe plaintiff's work as HTML script that is nothing more than a series
4 of form elements used to gather information, which is then sent to a server for further processing.
5 *Id.*, at 9:19-27; P. Zupan Decl., at ¶ 23 (The "HTML on plaintiff's Click 1003 web page is simply
6 a blank form that collects information from the user (a data set) and sends such information to the
7 same internet server that sent the HTML.").[10]  Defendants assert that although plaintiff's online
8 application is written in HTML, the code itself is nothing more than "form elements" that
9 comprise an uncopyrightable, and therefore unprotected, form.  *See* P. Zupan Decl., at ¶¶ 12-18,
10 23.
11     Plaintiff disputes this characterization.  He asserts that he created a computer program that
12 contains over 50,000 lines of handwritten code.  *See* Affidavit of Doug Perry in Support of
13 Opposition to [Second] Motion for Summary Judgment ("Second Perry Aff."), at ¶ 1.  Plaintiff
14 attaches as "Exhibit A" to his affidavit a purported summary comparing various elements of the
15 source code from his online program with defendants'.  Defendants object to the admissibility of
16 this summary on various grounds, including hearsay and lack of foundation.  *See* Defendants'
17 Objections to Purported Evidence Submitted by Plaintiff in Opposition to Motion for Summary
18 Judgment.
19 ////
20 ////
21 ////
22 ////
23 ////

---

25 [10] As foundation for these assertions, defendant Paul Zupan sets forth in his declaration
his experience with the development of internet sites, and his "deep understanding of their
26 design, programming, networking and marketing."  P. Zupan Decl., at ¶ 5.

9

Despite defendants' objections to the admissibility of this summary comparison,[11] the court finds that the conflicting accounts of whether the program in question does, or does not contain source code created by plaintiff raises a genuine issue as to a material issue of fact. The court cannot resolve the dispute between the conflicting affidavits on whether the program is even copyrightable (i.e., that it is nothing more that a form).

Indeed, the court finds that several unresolved, material factual issues still exist as to this issue. Contrary to finding that plaintiff's copyright is valid as a matter of law, the court points to several, as of yet unaddressed, issues necessary to make this determination. For example, the court is not yet satisfied that the entirety of plaintiff's online program is comprised of original, protectible expression. Neither is the court satisfied that what – if anything – defendants copied from it was protectible expression.

Determining actionable infringement of computer programs is often a challenging and difficult task. *See Nimmer* § 13.03[F], at 13-124. Many computer programs "compete directly with each other and perform the same task in much the same way. Thus, even two programs that have been created independently may appear similar in many respects." *Id.* "The crucial consideration . . . is that copyright law protects only an author's original expression, . . . [a]nd that infringement is shown by a substantial similarity of protectible expression, not just an overall similarity between the works." *Id.*

Although defendants have presented evidence in the form of Mr. Zupan's declaration that plaintiff's program is essentially comprised of unprotectible "form" elements of HTML source code, such evidence does not, by itself, point to the absence of a genuine material factual dispute

---

[11] "[A] party does not necessarily have to produce evidence in a form that would be admissible at trial, as long as the party satisfies the requirements of Federal Rules of Civil Procedure 56. With respect to evidence submitted by affidavit, Rule 56(e) requires that the affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein." *Block v. City of L.A.*, 253 F.3d 410, 419 (9th Cir. 2001) (internal citations and quotations omitted).

regarding the validity of plaintiff's copyright. In fact, in the face of the presumptive validity of plaintiff's copyright in the program (established by the copyright registration certificate), such evidence *creates* rather than obviates a material factual dispute. Whether the testimony of Mr. Zupan or the testimony of plaintiff is to be credited remains to be seen. Indeed, the issue of the validity of plaintiff's copyright will likely require a detailed analysis of the program's individual elements, wherein those elements comprising protectible expression are identified and "filtered" from the unprotectible elements. Portions of plaintiff's program could very well include elements taken from the public domain, elements that are dictated by logic and efficiency, elements that are dictated by programming practices or external factors such as the requirements of the mortgage industry – none of which are subject to copyright protection. *See, e.g., Sony Computer Entm't. Inc. v. Connectix Corp.*, 203 F.3d 596, 599 (9th Cir. 2000) ("Copyrighted software ordinarily contains both copyrighted and unprotected or functional elements."); *see also Nimmer* § 13.03[F][2]-[3].[12] Such analysis may even require the aid of experts.[13] Defendants have already pointed to some of these issues in their motions for summary judgment, but have not provided sufficient evidence for the court to determine, as a matter of law, that plaintiff's program is wholly comprised of unoriginal, unprotectible elements and is therefore not subject to copyright protection.

Accordingly, material issues of fact remain to be resolved and the court must therefore recommend that defendants' motion for summary judgment be denied.

////

////

---

[12] Whether taken from the public domain or from a work owned by another author, a plaintiff's attempt to enforce a copyright in a work that is not truly his own original expression can result in dismissal and other sanctions. *See, e.g., Qad, Inc. v. ALN Assocs., Inc.*, 770 F. Supp. 1261 (N.D. Ill. 1991) (dismissing plaintiff's suit after evidence revealed that plaintiff had not originated features common to its and defendants' programs).

[13] *See, e.g., Cadence Design Sys., Inc. v. Avant! Corp.*, 125 F.3d 824, 826 (9th Cir. 1997) (court used independent expert to determine whether source code was protected by copyright).

11

III. <u>CONCLUSION</u>

In accordance with the foregoing, IT IS RECOMMENDED that defendants' second motion for summary judgment be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within ten (10) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within ten (10) days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

DATED: February 20, 2007.

_____\
EDMUND F. BRENNAN\
UNITED STATES MAGISTRATE JUDGE