IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| DOUGLAS WAYNE PERRY, | | |
| | Plaintiff, | No. CIV S-04-0868 JAM EFB PS |
| vs. | | |
| PAUL ZUPAN, et al., | | ORDER IMPOSING SANCTIONS AND |
| | Defendants. | ORDER SETTING STATUS CONFERENCE |
| _____/ | | |

On October 2, 2008, the court ordered plaintiff's counsel, Mr. Derk Wayne Schutmaat, to show cause in writing why he should not be deemed to have withdrawn as plaintiff's attorney of record. That order recounted that Mr. Schutmaat appears no longer to be a member in good standing with the State Bar of California, and therefore ineligible to practice law or appear in a representative capacity before this court. Mr. Schutmaat failed to respond to the court's order. Accordingly, on November 24, 2008, this court ordered Mr. Schutmaat to show cause in writing by December 3, 2008, and in person on December 10, 2008, why monetary and/or other sanctions should not be imposed upon him personally for failing to comply with the court's October 2, 2008 order. Mr. Schutmaat neither responded in writing nor appeared at the December 10, 2008 hearing.

////

1

The court also notified plaintiff and defendants of the December 10, 2008 hearing, but did not direct their appearance; neither plaintiff nor defendants appeared. However, plaintiff indicated informally to the court his intention to obtain a stipulated dismissal of this action as soon as possible. *See* Fed. R. Civ. P. 41(a)(1)(A)(ii). However, no party has made further communication with the court.

Mr. Schutmaat last appeared before this court on July 27, 2006, and last filed a document with the court on August 10, 2006. The last electronic service of court documents successfully made upon Mr. Schutmaat was the October 2, 2008 order to show cause. The court's second order to show cause was sent by mail to Mr. Schutmaat on November 24, 2008, but could not be delivered. Mr. Schutmaat has not filed any notice with the court indicating a change in his address. The State Bar website indicates that Mr. Schutmaat became ineligible to practice law on July 24, 2007 and has remained so.[1]

It is reasonable to assume that Mr. Schutmaat is fully aware that his name remains as designated counsel for plaintiff, whose case he has clearly abandoned. In addition to ignoring this court's orders, in violation of E. D. Cal. L. R. ("Local Rule") 11-110, Mr. Schutmaat's continued designation as plaintiff's counsel, without seeking leave to withdraw or assist in obtaining substitution counsel, or informing the court of his contact information or bar status, violates Local Rule 83-182(f) (continuing duty of counsel to notify Clerk and parties of change in address or telephone number), and Local Rule 83-182(g) (court approval required for substitutions of counsel). Mr. Schutmaat's actions have caused unnecessary delay in this case, needless increase in the costs of this litigation, and the diversion of limited judicial resources.

Rule 16 (f) provides for sanctions on an attorney who "(C) fails to obey a scheduling or other pretrial order." Similarly, Local Rule 11-110 provides for the imposition of sanctions on a party or attorney who fails to comply the Local Rules or with any order of the court.

---

[1] State Bar of California, "Attorney Search," at http://members.calbar.ca.gov.

1  Mr. Schutmaat has been informed of the court's concerns and twice ordered to show
2  cause why he should not be sanctioned.  His repeated failure to respond, or to contact the court
3  on his own initiative upon the commencement of his ineligibility, are clear violations of the
4  federal and local rules and warrant sanctions.  Accordingly, Mr. Schutmaat shall pay a monetary
5  sanction in the amount of $500.  This sanction shall be personal to Mr. Schutmmat, to be paid
6  out of his own funds without further detriment to plaintiff.  The sanction shall be paid to the
7  court's non-appropriated fund, in recognition of Mr. Schutmaat's failure to respond to, and
8  defiance of, this court's previous orders.
9  Accordingly, IT IS HEREBY ORDERED that:
10 1. Mr. Schutmaat is deemed to have withdrawn from this case as plaintiff's attorney of
11 record, effective upon the filing date of this order, *see generally*, Local Rule 83-182
12 (d) ("Leave to withdraw may be granted subject to such appropriate conditions as the Court
13 deems fit");
14 2. Mr. Schutmaat is ordered personally to pay to the Clerk of Court, within thirty (30)
15 days of the filing date of this court, monetary sanction in the amount of $500, Local Rule 11-
16 110, Fed. R. Civ. P. 16(f); by the same deadline, Mr. Shutmaat shall file an affidavit stating that
17 he has paid the sanction from his personal funds, and has not, and will not, bill plaintiff, either
18 directly or indirectly, for the expenses thereof;
19 3.  Failure of Mr. Schutmaat timely to pay this monetary sanction shall result in the
20 accrual of interest at the legal rate until such time the sanction and interest are paid in full;
21 4. Plaintiff shall, upon the filing date of this order, be deemed to represent himself in *pro*
22 *se*, and shall be so designated by the Clerk of Court;[2] plaintiff is informed that *pro se* litigants are

---

[2] This case was erroneously designated a *pro se* case upon its initial filing.  *See* Local Rule 1-101 ("'*Pro Se* Case' means all cases in which *all* the plaintiffs or defendants are proceeding *in propria persona*") (emphasis added), and Local Rule 72-302(c)(21) (referring all "*pro se* cases" to the assigned magistrate judge).  By order filed July 26, 2006, the case was properly referred to the magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(B).

required to adhere to all applicable rules;[3] plaintiff shall notify the court if he obtains substitution counsel, in accordance with Local Rule 83-182;

    5. Plaintiff shall provide the court, within ten (10) days after the filing date of this order, his current contact information, including mailing address and telephone number;

    6. The Clerk of Court shall electronically serve this order upon plaintiff at info@click1003.com, and shall again attempt service upon Mr. Shutmaat;

    7. This case is hereby set for a status (pretrial scheduling) conference requiring the appearance of all parties and counsel, on Wednesday, March 11, 2009, at 10:00 a.m., in Courtroom No. 25;

    8. Ten (10) days prior to the scheduled status conference, or by February 25, 2009, the parties shall submit a joint status report addressing those matters necessary for scheduling the remainder of this case;[4]

---

[3] *See* Local Rule 83-183(a) ("Any individual representing himself or herself without an attorney is bound by the Federal Rules of Civil or Criminal Procedure and by these Local Rules. All obligations placed on 'counsel' by these Local Rules apply to individuals appearing *in propria persona*. Failure to comply therewith may be ground for dismissal, judgment by default, or any other sanction appropriate under these Rules.")

[4] The joint status report shall address each of the following matters:

    a. Service of process;
    b. Possible joinder of additional parties;
    c. Any expected or desired amendment of the pleadings;
    d. Jurisdiction and venue;
    e. Anticipated motions and the scheduling thereof;
    f. The proposed discovery plan developed pursuant to Federal Rule of Civil Procedure 26(f);
    g. Future proceedings, including setting appropriate cutoff dates for discovery and law and motion and the scheduling of a pretrial conference and trial;
    h. Modification of standard pretrial procedures specified by the rules due to the relative simplicity or complexity of the action or proceedings;
    i. Whether the case is related to any other case, including matters in bankruptcy;
    j. Whether the counsel will stipulate to the magistrate judge assigned to this matter acting as settlement judge and waiving any disqualifications by virtue of his so acting, or whether they prefer to have a Settlement Conference before another judge;
    k. Any other matters that may add to the just and expeditious disposition of this matter.

1   9. Alternatively, should the parties submit, on or before February 25, 2009, a joint
2  stipulation dismissing this case pursuant to Fed. R. Civ. P. 41(a)(1)(A)(ii), the status conference
3  will be vacated and this case dismissed; and
4   10. Failure of plaintiff to comply with this order may result in the involuntary dismissal
5  of this action pursuant to Fed. R. Civ. P. 41(b).
6   SO ORDERED.
7  DATED: January 30, 2009.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE